**WO**

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| Frank Cissne, et al., | CV-05-1317-PHX-MS |
| Plaintiffs, | **ORDER** |
| v. | |
| Jeannette Kristia Knight, dba Precon of Arizona, | |
| Defendant. | |

Before the Court is Plaintiffs' Motion for Partial Summary Judgment (Doc. # 27). Defendant did not file a Response.

I. Procedural History

Plaintiffs filed this action pursuant to 29 U.S.C. §1132 on May 3, 2005 (Doc. # 1). Plaintiffs assert in their complaint that Defendant has failed to make contributions to four fringe benefit trust funds, as required by a collective bargaining agreement entered into by Defendant. After a Rule 16 Scheduling Conference on October 6, 2006, the Court entered a Scheduling Order in this case, prescribing deadlines for discovery, dispositive motions, and a joint pretrial order, if required (Doc. # 14). The parties engaged in discovery between October and February. However, on February 9, 2006, Defendant's attorney moved to withdraw, averring that Defendant failed to appear for her February 6, 2006 deposition. Defendant's counsel further averred that he was unable to contact or locate Defendant, despite several attempts by mail, electronic mail, telephone, and

searching through various databases. The Court granted Defendant's counsel's motion to withdraw on February 14, 2006, and ordered Defendant to procure substitute counsel or otherwise inform the Court of her intention to proceed in this matter no later than March 6, 2006 (Doc. # 26).  Defendant failed to respond.  As a result, Plaintiffs filed a motion for partial summary judgment in accordance with the Court's February 14, 2006 Order on March 9, 2006 (Doc. # 27).  Defendant was instructed that pursuant to the Local Civil Rules for the United States District Court for the District of Arizona, Rule 7.2(i), a party's failure to respond to a motion for summary judgment may, in the Court's discretion, be deemed a consent to the Court's granting of judgment in favor of the movant.  See Brydges v. Lewis, 18 F.3d 651, 652-53 (9th Cir. 1994).  When the Court has warned the non-moving party that their failure to respond "shall constitute a consent" to the granting of the motion, the Court may properly exercise its discretion to grant the motion for judgment as a matter of law based on the non-moving party's construed consent.  Id.  See also Henry v. Gill Indus., Inc., 983 F.2d 943, 950 (9th Cir. 1993).

II. Discussion

    A.  Summary Judgment Standard

The Court must grant summary judgment if the moving party shows that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c).  Substantive law determines which facts are material.  Anderson v. Liberty Lobby Inc., 477 U.S. 242, 248 (1986).  "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."  Id.  The Court must draw all reasonable inferences supported by the evidence presented in the non-moving party's favor .  Berry v. Valence, 175 F.3d 699, 703 (9th Cir. 1998).

A dispute about a material fact is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at

1  248.  The party opposing summary judgment "may not rest upon the mere allegations
2  or denials [contained in the party's pleadings], but . . .  must set forth specific facts
3  showing that there is a genuine issue for trial."  Fed. R. Civ. P. 56(e); Matsushita Elec.
4  Indus. Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986).  If the evidence is
5  merely colorable or is not significantly probative, summary judgment may be granted.
6  Anderson, 477 U.S. at 249-50.  However, because "[c]redibility determinations, the
7  weighing of evidence, and the drawing of inferences from the facts are jury functions,
8  not those of a judge . . . [t]he evidence of the non-movant is to be believed, and all
9  justifiable inferences are to be drawn in [the non-movant's] favor at the summary
10 judgment stage."  Id. at 255 (citing Adickes v. S.H. Kress & Co., 398 U.S. 144, 158-59
11 (1970)).

12 The party seeking summary judgment bears the initial burden of informing the
13 court of the basis for its motion and identifying those portions of the pleadings and
14 discovery responses that it believes demonstrate the absence of a genuine issue of
15 material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  The moving party
16 that has the burden of proof on the issue at trial must establish all of the essential
17 elements of the claim or defense for the court to find that the moving party is entitled to
18 judgment as a matter of law.  Fontenot v. Upjohn Co., 780 F.2d 1190, 1194 (5th Cir.
19 1986); Calderone v. United States, 799 F.2d 254, 259 (6th Cir. 1986).  However, the
20 moving party need not disprove matters on which the opponent has the burden of proof
21 at trial.  Celotex, 477 U.S. at 322.

22     B.  Analysis

23 Plaintiffs' claims are governed by Section 515 of the Employee Retirement
24 Income Security Act ("ERISA").  Section 515 provides that:

25     Every employer who is obligated to make contributions to a
    multi-employer plan under the terms of the plan or under the
26     terms of a collectively bargained agreement shall, to the
    extent not inconsistent with law, make such contributions in
27

28

          accordance with the terms and conditions of such plan or such agreement.

29 U.S.C. § 1145.

    Section 432(g)(2) provides this Court with jurisdiction to adjudicate ERISA claims. Further, §432(g)(2) empowers the Court to award interest on unpaid contributions, liquidated damages, and reasonable attorneys' fees and costs.  <u>See</u> 29 U.S.C. § 1132(g)(2); <u>Laborers Health & Welfare Trust v. Advanced Lightweight Concrete</u>, 484 U.S. 539, 548-49 (1988).

    Although the Court has the discretion to summarily grant Plaintiffs' motion, the Court has reviewed the summary judgment motion on its merits.  Viewed in light of Defendant's failure to present any facts which would create a genuine issue of material fact to preclude summary judgment, <u>see</u> FED. R. CIV. P. 56, Plaintiffs' motion for partial summary judgment establishes that there is no genuine issue of material fact as to any of Plaintiffs' claims.  Specifically, Plaintiffs' motion soundly establishes that Plaintiffs are appointed trustees of the ERISA trust funds at issue and that Defendant has failed to contribute as required to fringe benefit trust funds established through a collective bargaining agreement to which Defendant was a signatory.  <u>See</u> Doc. # 27, Exhibit A. Plaintiffs have also clearly articulated the employees to which these contributions are owed, and the specific amount to which they are entitled.  Because Defendant has not responded to object or to present any contradictory facts, the Court will grant Plaintiffs' motion and will enter judgment for Plaintiffs and against Defendant in the requested amount of $9,338.98, which reflects the total of unpaid contributions and liquidated damages pursuant to ERISA § 432(g)(2).  The Court will also award interest from the date of the judgment at the current lawful rate.

    Plaintiffs further request this Court to order Defendant to produce payroll records for all of Precon's employees so that Plaintiffs can determine whether any additional sums are due, and the specific amounts.  Plaintiffs' request is more properly

characterized as a Motion to Compel, which requires that the moving party certify that the he has attempted in good faith to confer with the opposing party. However, the Court realizes that such an effort would likely prove futile in this case. As a result, the Court will grant Plaintiffs' request for production of payroll records.

Because there are remaining issues in this case, i.e. identifying whether additional employees are entitled to contributions to their trust accounts, the Court cannot enter judgment for Plaintiffs and against Defendants. As a result, the Court cannot entertain Plaintiffs request for an award of attorneys' fees pursuant to 29 U.S.C. § 1132(g)(2) and Local Rule 54.2. After a final judgment in favor of Plaintiffs is entered in this case, Plaintiffs may make an appropriate motion for attorneys' fees which complies with the provisions of both 29 U.S.C. § 1132(g)(2) and Local Rule 54.2, if they so choose.

Plaintiffs are also advised that the remaining issues in this case will be adjudicated pursuant to the Scheduling Order entered on October 11, 2005 (Doc. # 14).

III. Conclusion

Plaintiffs' motion for partial summary judgment establishes that Defendant has failed to contribute to the subject employee trust funds as required by a collective bargaining agreement to which she is a signatory. As a result, the enforcement mechanism of ERISA empowers the Court to enter judgment in favor of Plaintiffs in the amount of the unpaid contributions, liquidated damages, interest, and attorneys' fees and costs. Defendant has not demonstrated the existence of a genuine fact for trial by producing controverting evidence or by contesting Plaintiffs' statement of facts in support of their motion for summary judgment.

In accordance with the foregoing,

IT IS ORDERED that:

1.  Plaintiffs' Motion for Partial Summary Judgment (Doc. # 27) is GRANTED.
2.  Partial judgment shall be entered in favor of Plaintiffs and against

1      Defendant in the requested amount of $ 9,338.98 with post-judgment interest accruing until paid at the current lawful rate of 4.91% per annum.

3.    Plaintiffs are advised that an itemized motion for an award of attorneys' fees and costs pursuant to 29 U.S.C. § 1132(d)(2) and Local Rule 54.2 may be filed when and if final judgment is entered in favor of Plaintiffs and against Defendant.

4.    Defendant is ordered to produce copies of all payroll records for employees who were beneficiaries of the collective bargaining agreement at issue in this case within 20 days of the filing of this order.

5.    The remaining issues in this case will be adjudicated pursuant to the Scheduling Order entered on October 11, 2005 (Doc. # 14).

DATED this 20th day of April, 2006.

_____
Morton Sitver
United States Magistrate Judge